**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **JASON W. KIRK,** | ) | |
| **No. 361557,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:17-cv-00041** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **CORECIVIC,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM**</u>

Plaintiff Jason W. Kirk, an inmate of the South Central Correctional Facility in Clifton, Tennessee, filed this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against CoreCivic, Damon Hininger, Cherry Lindamood, William Bryant, Daniel Dodd, Scott Peeler, Shane McClain, Kristen Buttram, f/n/u White, f/n/u Deathridge, Leigh Staggs, Rebecca Rich, and f/n/u Roberts, alleging violations of the Plaintiff's civil rights. (Doc. No. 1). As relief, the Plaintiff seeks injunctive relief, compensatory damages, and punitive damages. (<u>Id.</u> at 6-8).

The Plaintiff's complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.     PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," <u>id.</u> § 1915A(a), and summary

dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.    Section 1983 Standard

Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983.   Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights,

privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. <u>Tahfs v. Proctor</u>, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III.    Alleged Facts

The complaint alleges that, while an inmate of the South Central Correctional Facility, the Plaintiff was physically assaulted on January 9, 2017, by inmate gang members. The Plaintiff attributes his assault to overcrowding, inadequate staffing levels and unspoken policies that allow the inmate gangs to assert their authority over other inmates as a means to control the inmate population.

The complaint further alleges that the Plaintiff filed grievances concerning this incident which were ignored or intentionally mishandled by Defendants Lindamood, Bryant, Peeler, McClain, Roberts, and Staggs. The Plaintiff subsequently filed grievances concerning the above Defendants' alleged failure to respond to his grievances as well as concerning Defendants Buttram, White, and Deathridge's alleged failure to follow and enforce facility policies regarding the protection of inmates' safety. According to the complaint, after the Plaintiff filed these grievances, Defendants Staggs, Lindamood, Bryant, Hininger, and Rich retaliated against the Plaintiff in response to and because of his filing of grievances by placing him in segregation, serving the Plaintiff with unwarranted disciplinary infractions, taking away his legal papers, and locking the Plaintiff in a cell for seven days with a known violation gang member. (Doc. No. 1 at 3-5).

## IV. Analysis

### A. Section 1983 official capacity claims for monetary damages

The Plaintiff's § 1983 claims for monetary damages against any individual Defendant in his or her official capacity are barred by the Eleventh Amendment. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 71 (1989). Thus, those claims must be dismissed.

### B. Section 1983 failure to respond to grievances claims

Some of the Plaintiff's § 1983 claims are premised on a defendant's response, or lack of response, to the Plaintiff's grievances and/or complaints. Although the Plaintiff may feel that his grievances were not taken seriously or handled properly, a plaintiff cannot premise a § 1983 claim on allegations that the an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective grievance procedure in the first place. See Hewitt v. Helms, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the Plaintiff's claims based on any Defendant's failure to respond to Plaintiff's grievances do not state a claim upon which relief can be granted. These claims will be dismissed.

### C. Failure to protect claims

The Defendants have a constitutional duty to protect the Plaintiff from the harmful conduct of fellow inmates. Ingraham v. Wright, 430 U.S. 651 (1987)(Fourteenth Amendment); Stewart v. Love, 696 F.2d 43, 44 (6th Cir.1982)(Eighth Amendment). Thus, a constitutional violation occurs when a prison official has been deliberately indifferent to a plaintiff's risk of injury. McGhee v.

Foltz, 852 F.2d 876, 880-881 (6th Cir.1988).

The Plaintiff has alleged that Defendants Lindamood, Bryant, Buttram, White, and Deathridge were deliberately indifferent to his risk of injury, and he has offered factual allegations in support of those allegations. He also alleges that CoreCivic's policies contributed to his harm in sustaining an environment which permitted the Defendants to act, or not to act, in the way they did. He has, therefore, stated colorable claims for relief against Lindamood, Bryant, CoreCivic, Buttram, White, and Deathridge.

### D. Due process claims

The Plaintiff claims that certain Defendants brought false disciplinary charges against him. A Fourteenth Amendment procedural due process claim depends on the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); Pusey v. City of Youngstown, 11 F.3d 652, 656 (6th Cir.1993).

The filing of false disciplinary charges against an inmate does not constitute a constitutional violation redressable under § 1983. Person v. Campbell, No. 98-5638, 1999 WL 454819, at *1 (6th Cir. June 21, 1999)(citation omitted). A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Confinement to segregation, the loss of privileges, fines, and restitution do not constitute an atypical and significant hardship in the context of prison life. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986). See Upshaw v. Jones, 2015 WL 348626, at *4 (W.D. Tenn. Jan. 26, 2015)(finding no violation of inmate's due process rights when corrections officer

assigned inmate to segregation as punishment prior to inmate's disciplinary hearing).

The complaint also alleges that the Defendants essentially forced the Plaintiff to plead guilty to the false disciplinary charges because, had the Plaintiff "fought the disciplinary," he would have lost the opportunity to earn good time or sentence credits. (Doc. No. 1 at 5). However, Tennessee law and regulations do not create a right to earn sentence credits. See Tenn. Code Ann. § 41-21-236(a)(2)(2014); Frazier v. Hesson, 40 F. Supp.2d 957, 964, 966 (W.D. Tenn. 1999)(explaining that "In Tennessee . . . the effect of sentence credits is only to affect a release eligibility date, which is nothing more than a unilateral expectancy. It is thus devoid of due process protections."). As result, these claims fail as a matter of law and must be dismissed.

**E.      Retaliation claims**

The complaint alleges that some Defendants retaliated against the Plaintiff after he pursued grievances against them. A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. Thaddeus-X v. Blatter, 175 F.3d 378, 388 (6th Cir. 1999) (en banc). To establish a prima facie case of retaliation within the context of § 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between the first two elements, such as the adverse action was motivated at least in part by plaintiff's protected conduct. Id. at 394. In addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than de minimis harm resulting from it. See Ingraham v. Wright, 430 U.S. 651, 674 (1977); Thaddeus-X, 175 F.3d at 396.

The complaint alleges that Defendants Staggs, Lindamood, Bryant, Hininger, and Rich

retaliated against the Plaintiff in response to and because of his filing of grievances by placing him in segregation, serving the Plaintiff with unwarranted disciplinary infractions, by taking away his legal papers, and by locking the Plaintiff in a cell for seven days with a known violation gang member. (Doc. No. 1 at 3-5). Although it is unclear at this early state of the proceedings whether the Plaintiff ultimately can prevail on his retaliation claims, the Court finds that the Plaintiff's allegations of retaliation withstand the required frivolity review. These claims will be permitted to proceed for further development.

## V.      Conclusion

As set forth above, the Court finds that the complaint states colorable First Amendment claims against  Defendants Staggs, Lindamood, Bryant, Hininger, and Rich as well as Eighth Amendment claims against Defendants CoreCivic, Lindamood, Bryant, Buttram, White, and Deathridge pursuant to § 1983.   28 U.S.C.  § 1915A.  These claims survive the required PLRA screening.   However, the Plaintiff's remaining claims will be dismissed for failure to state a claim upon which relief can be granted.  Likewise, the Plaintiff's claims for monetary damages against any individual Defendant in his or her official capacity will be dismissed.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

7